17-3414-cr
*United States v. Serrano*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                              No. 17-3414-cr

COURTNEY BECKFORD, AKA MARK, AKA GABRIEL, AKA COURT, GABE BEIZEM, MALACHI BURRIS, AKA MARK, SAMUEL BURRIS, AKA JACKIE, RAWL DAVIS, AKA ROY, KEVIN EASTON, LENNOX LAMBERT, AKA DRED, MARSHA MOTAYNE, AKA MARSHA MONTAYNE, RON SHEALEY, ROHAN STEWART, AKA MARK, AKA PETE, CARLOS DIAZ, CLEVELAND OAKES, WILLIAM PERKINS, WAYNE WHITE,

> *Defendants,*

SAUL SERRANO,

> *Defendant-Appellant.*

_____

1

For Defendant-Appellant:            JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, NY.

For Appellee:            FRANK TURNER BUFORD (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Saul Serrano appeals from an October 20, 2017 judgment (the "judgment") entered by the United States District Court for the Eastern District of New York, revoking a term of probation imposed following a conviction for conspiracy to commit mail and wire fraud and sentencing him principally to 18 months' imprisonment and a three-year term of supervised release. The district court entered the judgment after finding, following an evidentiary hearing, that Serrano had violated the conditions of his probation by illegally possessing and distributing a substantial quantity of marijuana. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Serrano first argues that his sentence was procedurally unreasonable because the district court did not sufficiently articulate its reasons for selecting a term of 18 months and did not address his argument that a sentence of six months or, at most, a year and a day would suffice. We disagree. As relevant here, 18 U.S.C. § 3553(c) provides that a district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." Those reasons "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote

2

the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). These statutory and procedural requirements were fully met in this case: among other things, the district court explained that Serrano's sentence reflected the seriousness of his offense, was necessary to specifically deter future criminal conduct and to protect the public, and would provide for effective correctional treatment. As to Serrano's arguments for a sentence of six months' imprisonment, or in the alternative, a year and a day, the court heard those arguments and nonetheless found that a prison term at the upper end of the Guidelines range was necessary under § 3553(a) to achieve the aims of sentencing.

The law is clear that the "length and detail required of a district court's explanation varies according to the circumstances." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). "Where a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." *Rita v. United States*, 551 U.S. 338, 359 (2007). Moreover, "[w]hen the district court imposes a Guidelines sentence, it may not need to offer a lengthy explanation." *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007). A court's explanation for a revocation sentence also requires "less rigorous specify" than a sentence for the offense underlying the probationary term. *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015). In consequence, so long as the revocation sentence is within the recommend Guidelines range, "compliance with the statutory requirements can be minimal." *Cassesse*, 685 F.3d at 192.

Serrano also argues that 18-months' imprisonment was substantively unreasonable because it was disproportionate to the severity of the underlying offense conduct. But Serrano points to no support for this proposition. A sentence is substantively unreasonable where it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d

3

108, 123 (2d Cir. 2009). Here, considering Serrano's initial probationary sentence, criminal conduct on probation, and repeated lies to the Probation Office, we conclude that the district court's Guidelines sentence was squarely within the "range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008).

We have considered all of Serrano's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk